# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 24, 2018

156128

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

GARY HENRY and KATHY HENRY,
      Plaintiffs-Appellees,

v

DOW CHEMICAL COMPANY,
      Defendant-Appellant.

SC: 156128
COA: 328716
Saginaw CC: 03-047775-NZ

_____/

On order of the Court, the application for leave to appeal the June 1, 2017 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE Part II of the controlling opinion of the Court of Appeals for the reasons stated in the Court of Appeals dissenting opinion, and we REMAND this case to the Saginaw Circuit Court for further proceedings in accordance with the procedures outlined in that dissenting opinion. This action is based on the plaintiffs' claim that the defendant is responsible for the presence of dioxin on their real properties. MCL 600.5827 provides that the three-year limitations period for property damage claims arising out of negligence or nuisance, MCL 600.5805(10), begins to run from "the time the claim accrues," and "the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." See *Trentadue v Buckler Automatic Lawn Sprinkler Co,* 479 Mich 378, 387 (2007). The wrong is done when the plaintiff is harmed. *Id.* at 388. As explained by dissenting Judge Gadola, the claimed harm to the plaintiffs in this case is the presence of dioxin in the soil of their properties. The period of limitations began to run from the date that this "wrong" occurred. The circuit court must therefore determine the accrual date of the plaintiffs' claims based on the occurrence of the wrong — the presence of dioxin on the plaintiffs' properties. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should now be reviewed by this Court.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 24, 2018 _____



Clerk

t0117